UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

EQUAL EMPLOYMENT
OPPORTUNITY COMMISSION,

          Plaintiff,          CASE NO. 02-10192
                                          HON. DAVID M. LAWSON

v.

THE SALVATION ARMY,

          Defendant.
_____/

Adele Rapport (P44833)
Stanley H. Pitts (P33519)
Equal Employment Opportunity Commission
Attorneys for Plaintiff
Patrick V. McNamara Bldg, Rm 865
477 Michigan Ave.
Detroit, MI 48226
(313) 226-3410

Scott D. Norton (P35717)
Norton & Norton
Attorney for Defendant
401 S. Old Woodward, Ste. 450
Birmingham, MI 48009-6636
(248) 203-9940/9950 (Fax)
_____/

## AMENDED CONSENT DECREE

Plaintiff, the United States Equal Employment Opportunity Commission ("the Commission"), filed this action on July 10, 2002, in the United States District Court for the Eastern District of Michigan, Northern Division. The Commission alleges that The Salvation Army ("Defendant" or "Salvation Army") violated Title VII of the Civil Rights Act of 1964, as amended, and Title I of the Civil Rights Act of 1991 when it retaliated against Gerard

1

Tomaszewski by unlawfully discharging him for complaining about religious harassment based on his religion, Catholic. The Commission further alleges that Defendant retaliated against Donna Reed, Shannon Trelfa, and Beverlee Garrett by unlawfully discharging them for complaining that they were subjected to sexual harassment.

As a result of settlement discussions, the Commission and Defendant have resolved their differences and have agreed that this action should be settled. It is the intent of the parties that this Decree be a final and binding settlement in full disposition of any and all claims alleged against Defendant or which could have been alleged against Defendant in the complaint filed by the Commission on behalf of Tomaszewski, Reed, Trelfa and Garrett, with the exception of the medical benefits claim of Garrett. That claim shall be resolved by the Court pursuant to the Court's <u>Order Approving Partial Settlement And Prescribing Procedure For Resolution Of Remaining Issue, Directing Parties to File Trial Briefs, And Setting Litigation Dates</u> entered May 30, 2003.

## STIPULATED FACTS

The Commission is the agency of the United States government authorized by Title VII to investigate allegations of unlawful employment discrimination, to bring civil actions to prohibit unlawful practices, and to seek relief for individuals affected by such practices.

Pursuant to Title VII, the parties acknowledge the jurisdiction of the United States District Court for the Eastern District of Michigan, Northern Division, over the subject matter and the parties to this case for the purpose of entering this Decree and, if necessary, enforcing this Decree.

Venue is appropriate in the Eastern District of Michigan, Northern Division. For

purposes of this Decree and any proceedings related to this Decree only, Defendant agrees that all statutory conditions precedent to the institution of this lawsuit against Defendant have been fulfilled.

## FINDINGS

Having examined the terms and provisions of the Consent Decree and based on the pleadings, records, and stipulations of the parties, the Court finds the following:

a. The Court has jurisdiction over the subject matter of the action and the parties to this action.

b. The terms and provisions of this Consent Decree are fair, reasonable and just. The rights of Defendant and the Commission are protected adequately by this Decree.

c. This Consent Decree conforms with the Federal Rules of Civil Procedure and Title VII, and is not in derogation of the rights and privileges of any person. The entry of this Consent Decree will further the objectives of Title VII and other applicable laws and will be in the best interests of the parties and those for whom the Commission seeks relief.

NOW, THEREFORE, IT IS HEREBY DECREED AS FOLLOWS:

## NON-ADMISSION

This Decree shall not constitute an adjudication or finding on the merits of the case and shall not be construed as an admission by The Salvation Army of any violation of Title VII of the Civil Rights Act of 1964, as amended. Similarly, this decree shall not be construed as an admission by the Commission that any claim asserted by it in this action was not valid or that

any defense asserted by Defendant was valid.

## NON-DISCRIMINATION

The Salvation Army, its officers, agents, employees, successors, assigns and all persons in active concert or participation with them or any of them, shall comply with the provisions of Title VII.

## NON-RETALIATION

The Salvation Army shall not take any action against any person which constitutes intimidation, retaliation, harassment or interference with the exercise of such person's rights under federal law because of the filing of a charge of discrimination with the Commission, which forms the basis for the present case, or because such person gave assistance or participated in any manner in any investigation or proceeding in connection with this case under Title VII.

## MONETARY COMPENSATION

The Salvation Army shall pay each Charging Party the following: Shannon Trelfa ($9,267), Gerard Tomaszewski ($7,767), Beverlee Garrett ($10,223), and Donna Reed ($4,335). The checks shall be made payable to Tomaszewski, Garrett, Reed and Trelfa, and mailed directly to them by certified mail within 10 days after the order of dismissal has been entered by the Court. A photocopy of each check and a photocopy of each certified mail receipt shall be mailed to Adele Rapport, Regional Attorney, 477 Michigan Avenue, Room 865, Detroit, Michigan 48226.

## REIMBURSEMENT OF CLAIMED MEDICAL EXPENSES

The Salvation Army shall pay Charging Party Beverlee Garrett $21,000 for claimed

4

medical expenses arising post-termination. The check shall be made payable to Garrett and mailed directly to her by certified mail within 10 days after the Amended Consent Decree has been entered by the Court. A photocopy of the check and a photocopy of the certified mail receipt shall be mailed to Adele Rapport, Regional Attorney, 477 Michigan Avenue, Room 865, Detroit, Michigan 48226.

All parties understand and agree that Garrett must execute a separate mutually-agreeable release before payment to her of the funds described in this paragraph. To facilitate this process, The Salvation Army agrees to pay $250 for the review of the release by an attorney selected by Garrett.

### REFERENCES AND PERSONNEL RECORDS

The Salvation Army shall provide neutral references on behalf of each of the Charging Parties: Shannon Trelfa, Beverlee Garrett, Gerald Tomaszewski and Donna Reed. The reference shall simply identify the position each employee worked, and how long each worked at The Salvation Army. Furthermore, The Salvation Army shall purge each of the Charging Party's employee files of all references to the termination of employment and reasons for same.

### TRAINING

The Salvation Army shall provide mandatory training regarding Title VII to all current managers and supervisors once every twelve months. The training shall specifically include Title VII's prohibition against sexual and religious harassment to all employees. The training shall include an explanation of the types of incidents that can be construed as sexual harassment and religious harassment and the responsibilities of supervisory personnel who are

5

informed of incidents of harassment. In addition, the training shall address the prohibition against retaliation. The training shall emphasize Title VII's prohibition against retaliation on the basis of protected activity which includes opposing unlawful conduct and participating in the complaint process. The training shall be provided to new employees, managers and supervisors within six months of hire or appointment.

The training of current managers and supervisors shall be completed within one year from the date this Decree has been filed with the Court. Upon completion of the training, The Salvation Army shall certify to the Commission within thirty days that the required training was undertaken and shall provide the Commission with a roster of all managers and supervisors in attendance, a list of topics covered and the identity (including corporate affiliation) of the trainer. In addition, The Salvation Army shall provide training to its human resource managers and supervisors of the employer's responsibility to promptly investigate and correct incidents of harassment in the workplace. The Salvation Army shall certify to the Commission within thirty days that the required human resource training was undertaken and shall provide the Commission with a roster of all employees, managers and supervisors in attendance, a list of topics covered and the identity (including corporate affiliation) of the trainer.

## POSTING OF NOTICE

Within ten days of the execution of this Decree, The Salvation Army shall post the notice attached as Exhibit A at its Alpena Thrift Store. The notice shall remain posted for two years. In the event that the notice becomes defaced, marred or otherwise unreadable, the Salvation Army shall immediately post a readable copy in the same manner. The Salvation

Army shall make the notice available for inspection by the Commission upon reasonable notice.

## DISPUTE RESOLUTION AND COMPLIANCE

The Court shall retain jurisdiction and will have all available equitable powers, including injunctive relief, to enforce this Decree. Upon motion of either party, the Court may schedule a hearing for the purpose of reviewing compliance with this Decree. The parties shall engage in a good faith effort to resolve any dispute as to compliance before seeking review by the Court, and shall be required to give notice to each other ten (10) days before moving for such review. All parties may conduct expedited discovery under the Federal Rules of Civil Procedure for purposes of determining compliance with this Decree or defending against a claim of non-compliance, with fifteen (15) business days notice for depositions, entry to premises and access to documents and, with fifteen (15) business days notice for responses to written discovery.

## COURT COSTS AND ATTORNEY FEES

All parties shall bear their own costs and expenses of litigation, including attorneys fees.

## SEVERABILITY

If any provision of this Decree is found to be unenforceable by a court of competent jurisdiction, only the specific provision in question shall be affected, and the other enforceable provisions shall remain in full force and effect.

## MISCELLANEOUS

The terms of this Consent Decree shall be binding upon the present and future owners,

officers, directors, agents, trustees, administrators, successors, representatives, and assigns of The Salvation Army.

This agreement constitutes the entire agreement and commitments of the parties. Any modifications to this Decree must be mutually agreed upon and memorialized in a writing signed by authorized representatives of The Salvation Army and the Commission.

When this Consent Decree requires or permits the submission by The Salvation Army of any documents to the Commission, the documents shall be mailed by certified mail to Adele Rapport, Regional Attorney, EEOC, Detroit District Office, 477 Michigan Avenue, Room 865, Patrick V. McNamara Building, Detroit, Michigan 48226.

## TERM OF DECREE

This Decree shall remain in effect for two years from the date of the execution of the original Decree by The Salvation Army.

## RIGHTS AND OBLIGATIONS

The terms of this Decree have been fully reviewed by the appropriate officials of the Commission and The Salvation Army, and both the Commission and The Salvation Army enter into the Decree knowingly and voluntarily, with a firm understanding of both the rights they are giving up and the obligations they are undertaking by this Decree.

8

| EQUAL EMPLOYMENT OPPORTUNITY COMMISSION | THE SALVATION ARMY |
|---|---|

NICHOLAS INZEO
Acting Deputy General Counsel

GWENDOLYN YOUNG REAMS
Associate General Counsel

By: *[signature]*

Representative, The Salvation Army

*[signature]*

ADELE RAPPORT (P44833)
Regional Attorney

STANLEY H. PITTS (P33519)
Supervisory Trial Attorney

Dated: 12/18/03

DETROIT DISTRICT OFFICE
Patrick V. McNamara Federal Building
477 Michigan Avenue, Room 865
Detroit, MI 48226
(313) 226-6701

**IT IS SO ORDERED:**

DEC 2 3, 2003
Date

*[signature]*

UNITED STATES DISTRICT JUDGE
HONORABLE DAVID M. LAWSON